*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PAUL MARTIN COLLINS,

        Defendant-Appellant.

UNPUBLISHED
October 12, 2023

No. 361029
Luce Circuit Court
LC No. 2019-001481-FH

Before: REDFORD, P.J., and K. F. KELLY and RICK, JJ.

REDFORD, P.J. (*concurring in part and dissenting in part*).

I concur with the majority's opinion regarding that defendant's first waiver of his right to counsel was validly made.

I dissent from that portion of the majority's opinion which concludes the trial court's failure to fully and completely reaffirm defendant's valid and knowing waiver of his right to counsel and his concomitant exercise of his constitutional right to represent himself after the initial waiver resulted in plain error necessitating the vacation of his convictions.

Respectfully, it appears the majority conflates the concept of a defendant knowingly and intelligently waiving the right to counsel and the decision to exercise one's constitutional right to represent oneself with the concept that a self-represented defendant must always make intelligent and logical decisions.[1]

---

[1] This is in no way meant to be disrespectful of defendant; but it certainly appears defendant's rejection of the plea offer made by plaintiff to plea guilty to possession of methamphetamine, and a time-served, no-probation sentence was unwise when defendant himself continually admitted to simple possession of methamphetamine; and therefore, an unwise decision; it does not de facto make his decision to waive counsel unintelligent.

Defendant repeatedly advised the court and jury his purpose in going to trial was to confront his accuser and vindicate himself. Defendant effectively and intelligently conducted cross-examination, obtained concessions that investigating officers did not witness any transfer of drugs between defendant and Osterhout, the cooperating informant, and that Osterhout could be lying.

There are unquestionably grave risks when any defendant chooses to represent themself in a criminal trial; however, the record before this Court demonstrates defendant released three separate counsel; defendant repeatedly indicated his lawyers were not representing him the way he thought they should; defendant specifically asserted after his third lawyer was discharged[2] he would be bringing another *Franks* motion and the court advised him he was able to. On this record, I am not convinced "there is a high likelihood the outcome would have been different because defendant would have accepted the plea offer" had the trial judge re-inquired and reaffirmed defendant's waiver of counsel before every hearing. To the contrary, I am convinced there is a high likelihood that the result of the case would be identical with the result at bar.

I would affirm.

/s/ James Robert Redford

---

[2] While appointment of standby counsel is not a panacea for all ills in the waiver-of-counsel, self-representation quandary, it seems appropriate to note defendant's third appointed counsel continued to provide counsel and advice to defendant and served as standby counsel for the remainder of the case, was actively involved in the trial, and able to provide counsel at anytime to defendant.